UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG ROBINSON,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHELLE ESPINOZA, et al.,<br><br>    Defendants. | No. 2:14-cv-2510-EFB<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

The court previously granted plaintiff's request for leave to proceed *in forma pauperis*, but dismissed plaintiff's original complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2).[1]  ECF No. 12.  Plaintiff's complaint alleged that he opened a Visa Direct Deposit account with defendant Netspend Corporation ("Netspend").  ECF No. 1 at 1.  He allegedly used the account to deposit his monthly social security checks.  *Id*. at 1-2.  However, he claims that money he deposited into the account went missing, and that Netspend failed to provide an explanation as to what happened to plaintiff's money.  *Id*. at 2, 6-8.

In dismissing, the court noted that it was "unclear from plaintiff's complaint whether this court has subject matter jurisdiction over plaintiff's claim(s), since the complaint does not allege any specific claims for relief."  ECF No. 12.  Accordingly, the court dismissed plaintiff's

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302.  *See* 28 U.S.C. § 636(b)(1).

1

complaint, but provided plaintiff an opportunity to amend to "allege a basis for this court's jurisdiction, as well as a cognizable legal theory and sufficient facts in support of that cognizable legal theory." *Id*. The order provided that "[s]hould plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction." *Id*.

Plaintiff subsequently filed a first amended complaint. ECF No. 14. The amended complaint alleges that a few years prior to initiating this action, plaintiff opened a Visa Direct Deposit account with Netspend. *Id*. at 1. After opening the account plaintiff was arrested and incarcerated. *Id*. While imprisoned, plaintiff deposited four social security checks totaling more than $3,000. He claims, however, that between May 2013 and March 2014 there were $2,281 in fraudulent charges made to the account. *Id*. Plaintiff made several attempts to contact Netspend, but it has refused to explain what happened to plaintiff's money. *Id*. at 2. Plaintiff now requests that Netspend be ordered to honor its "contract of being federaly [sic] insured against frudulant [sic] charges . . . ." *Id*. at 3. He claims that this court has subject matter jurisdiction over the case because the "account was federaly [sic] insured against identy [sic] theft." *Id*.

As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

/////

1 | Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976) and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Like plaintiff's original complaint, his amended complaint fails to adequately allege a basis for this court's jurisdiction. Plaintiff does not establish that this case involves a federal question, as he fails to identify any specific federal statute or law that defendant allegedly violated. Furthermore, the allegations in the complaint indicate that plaintiff's damages total,

/////

at most, are approximately $3,000; far less than the $75,000 required for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Accordingly, the court lacks jurisdiction over this action.

Given the jurisdictional deficiency, as well as plaintiff's failure to remedy the deficiency in his amended complaint, the court finds that further amendment would be futile. Accordingly, plaintiff's complaint should be dismissed without leave to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, it is RECOMMENDED that plaintiff's first amended complaint be dismissed without leave to amend and the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 27, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4